UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SANTIAGO G. SANTA CRUZ | ) | |
| | ) | CASE NO. 13-33324(1)(7) |
| Debtor(s) | ) | |
| | ) | |
| STEWART TITLE GUARANTY COMPANY | ) ) | |
| | ) | AP NO. 13-3061 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTIAGO G. SANTA CRUZ aka JIM SANTA CRUZ | ) ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion to Dismiss Adversary Proceeding filed by Debtor/Defendant Santiago G. Santa Cruz aka Jim Santa Cruz ("Debtor"). The Court reviewed the Debtor's Motion to Dismiss, the Objection to the Motion to Dismiss filed by Plaintiff/Creditor Stewart Title Company ("Stewart Title") and the Reply filed by Debtor. For the following reasons, the Court will **DENY** the Debtor's Motion to Dismiss.

## FACTS

On or about April 29, 2002, Debtor allegedly engaged in a fraudulent real estate transaction in which he and a closing agent, Dean Sexton and Associates, conducted a false and fraudulent real estate financing closing, in which Debtor received loan proceeds of approximately $499,900 from Chase. The property referenced in the legal description on the policy issued by Stewart Title based

on the transaction is 1814 Justin Cove, Prospect, Kentucky ("the Property").  The Property was never owned by Debtor or Debtor's wife, Donna Santa Cruz.

On April 29, 2002, a Promissory Note was executed in the name of Donna Santa Cruz as borrower with the lender being North American Lending Corp., in the amount of $499,900 on the Property.

Also on April 29, 2002, a Mortgage was executed on the Property between Donna Santa Cruz and Jim Santa Cruz as borrowers and North American as the lender.  The Settlement Statement for the transaction listed only Donna Santa Cruz as the borrower.  An Allonge to the Mortgage Note was executed by American Lending Corp. as seller of the Mortgage Note to Chase Manhattan Mortgage Corporation ("Chase").

On November 20, 2012, the Promissory Note, which had been endorsed payable to Chase was assigned by Chase to Stewart Title.

On August 19, 2013, Debtor filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.  Debtor listed a debt owed to JP Morgan Chase in the amount of $541,415.13 on Schedule F to his Petition, creditors holding unsecured non-priority claims, a claim to Chase for $469,733.38 and another claim to Chase for $285,400.29.  None of these debts are listed as disputed or contingent.  Debtor also listed a secured claim to Bank of America in the amount of $700,000 as a first mortgage on the Property.

On December 18, 2013[1], Stewart Title initiated this adversary proceeding against Debtor seeking to have the debt declared nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6).

---

[1]Stewart Title requested and received a 30 day extension of time to file its Complaint.

**LEGAL ANALYSIS**

Debtor filed his Motion to Dismiss the Complaint pursuant to Bankruptcy Rule 7012(b)(6) contending the action is time barred by the state statute of limitations, KRS 413.120(12) (actions on grounds of fraud or mistake must be brought within five years after the cause of action accrued) and KRS 413.130 (providing that the cause of action for fraud or mistake does not accrue until discovery of the fraud or mistake, but the action must be commenced within ten years after the perpetration of the fraud). Debtor contends the alleged fraud occurred on April 29, 2002 and the latest any action could have been brought based on Debtor's alleged fraud was April 30, 2012. Since no action was commenced against Debtor on the alleged fraudulent action until this adversary proceeding was instituted on December 18, 2013, Debtor claims it is barred by the state statute of limitations.

In response, Stewart Title contends that the 15 year statute of limitations for actions based on a written agreement applies and the action was commenced timely. *See* KRS 413.090(2).

Debtor states, correctly, that the Debtor's name is not on the Promissory Note and that the Note does not give rise to a viable claim against Debtor or Debtor's wife, citing *Federal Land Bank v. Hardin Mapes Coal Corp.*, 817 S.W.2d 225, 227 (Ky. 1991) and KRS 355.3-401(1). Debtor's name and signature do appear on the Mortgage, however. *See* Ex. 2 to the Complaint. The Mortgage contains a covenant by Debtor to pay the principal, interest, escrow items, prepayment charges and lot charges due under the Promissory Note. *See*, par. 1, Uniform Covenants, Ex. 2 to the Complaint. This is sufficient to support Stewart Title's claim based on a written agreement, invoking the 15 year statute of limitations of KRS 413.090(2).

The Court also finds that Debtor acknowledged the claim owed to Stewart Title's assignee in his Schedules. Debtor did not list any of the claims owed to Chase as being disputed or

contingent. Debtor's bankruptcy Schedules were executed under penalty of perjury and are eligible for treatment as admissions to the *prima facie* validity of the claim. *See*, *In re Hill*, 2014 WL 801517 (Bankr. E.D. Ky. 2014) and cases cited therein.

Debtor contends that even if the 15 year statute of limitation applies, any action based on a simple breach of contract would not support an action for nondischargeability under § 523(a)(2), (4) or (6), as is asserted in this adversary proceeding. This premise however fails to recognize the distinction between a suit brought under state law to enforce a state created cause of action to establish the debt and a suit filed in Bankruptcy Court to determine dischargeability issues under 11 U.S.C. § 523(a) of the Bankruptcy Code. This distinction was explained in *Brown v. Felson*, 442 U.S. 127 (1979), decided under the former Bankruptcy Act and *In re McKendry*, 40 F.3d 331 (10th Cir. 1994), decided under the Bankruptcy Reform Act of 1978, both of which apply under the current version of the Bankruptcy Code on this Court's jurisdiction on dischargeability of debts under 11 U.S.C. § 523(a). Under Bankruptcy Rule 4007(b) a complaint, other than one under 11 U.S.C. § 523(c), may be filed at any time. Actions for dischargeability under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors. Bankruptcy Rule 4007(c). "It would make little sense to impose a 60 day filing period for claims of nondischargeability under Rule 4007(c) only to have the question of the timeliness of the claim determined by a state's statute of limitations." *McKendry*, 40 F.2d at 336.

There are two distinct issues in a nondischargeability proceeding. First is the establishment of the debt itself, governed by the state's statute of limitations. Here, the state statute of limitations for an action on a written agreement did not expire before the Complaint was filed. Even if it had, Debtor's Schedules, acknowledge the *prima facie* validity of the debt. The claims for

nondischargeability herein are raised pursuant to 11 U.S.C. § 523(a)(2), (4), or (6) and were filed timely under Bankruptcy Rule 4007(c).

Debtor would only be entitled to dismissal of the Complaint under Rule 12(b)(6) of the Bankruptcy Rules of Procedure, if it appeared, the pleading party would not be entitled to relief under any set of facts that could be proven in support of the claim. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). The Complaint herein does not fit within the category for which Rule 12(b)(6) applies. Accordingly, Debtor's Motion to Dismiss must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motion to Dismiss of Defendant/Debtor, is **DENIED**. An Order accompanies this Memorandum Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 11, 2014

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SANTIAGO G. SANTA CRUZ ) | |
| ) | CASE NO. 13-33324(1)(7) |
| Debtor(s) ) | |
| ) | |
| STEWART TITLE GUARANTY ) | |
| COMPANY ) | |
| ) | AP NO. 131-3061 |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| SANTIAGO G. SANTA CRUZ aka ) | |
| JIM SANTA CRUZ ) | |
| ) | |
| Defendant(s) ) | |

## ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Adversary Proceeding filed by Debtor/Defendant Santiago G. Santa Cruz aka Jim Santa Cruz, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 11, 2014